UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SUE DALE,<br><br>             Plaintiff,<br><br>      v.<br><br>FCA US, LLC; and DOES 1 through 10, inclusive,<br><br>             Defendants. | No. 2:25-cv-00868 WBS JDP<br><br>MEMORANDUM AND ORDER RE: DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS |

----oo0oo----

Plaintiff Sue Dale brought this action alleging various violations of California's Song-Beverly Consumer Warranty Act (the "Song-Beverly Act") and fraudulent concealment against defendant FCA US, LLC ("FCA").  (Docket No. 1-1 at 2-14.) Plaintiff's claims arise out of her purchase of an allegedly defective vehicle manufactured by FCA, which she purchased from co-defendant Autonation Chrysler Dodge Jeep Ram Roseville ("Autonation").  (See id.)

1

    Defendant FCA now moves for judgment on the pleadings on plaintiff's claims against it on the grounds that plaintiff's claims are barred by the applicable statutes of limitations, and plaintiff has failed to adequately plead the merits of her claims. (See Docket No. 10.)[1]

I. Factual Background

    On or about September 5, 2016, plaintiff entered into a warranty contract with FCA regarding her vehicle, a 2017 Chrysler Pacifica equipped with a nine-speed transmission. (See Docket No. 1-1 at 3, 5.) Plaintiff claims that 2017 Chrysler Pacifica vehicles equipped with nine-speed transmissions have a defective transmission that may cause symptoms such as loss of power, jerking, difficulty merging, and difficulty upon acceleration. (See id. at 5.) Notably, plaintiff does not describe the nature or symptoms of the transmission defect she claims is present in her vehicle. (See id.)

    Plaintiff alleges four violations of the Song-Beverly Act against FCA: (1) FCA failed to timely replace her vehicle or make restitution to her; (2) FCA failed to commence repairs of her vehicle within a reasonable time and failed to repair her vehicle to conform with the applicable warranties within thirty days; (3) FCA failed to make available to its repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period; and (4) FCA breached the implied warranty of merchantability. (See id. at 8-12.)

---

[1] The motion is decided on the papers without oral argument pursuant to Local Rule 230. The scheduled October 27, 2025 hearing on the motion is hereby VACATED.

2

Plaintiff also alleges that FCA committed fraudulent concealment by concealing the existence of the alleged transmission defect. (See id. at 12-13.)

II. Legal Standard

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989). "A motion brought under Rule 12(c) is functionally identical to one brought pursuant to Rule 12(b), and the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog." Stoutt v. Travis Credit Union, 512 F.Supp.3d 1048, 1050 (E.D. Cal. 2021) (citation modified). "Therefore, on a motion for judgment on the pleadings, the factual allegations of the non-moving party are taken as true." Gutierrez v. RWD Techs., Inc., 279 F.Supp.2d 1223, 1224 (E.D. Cal. 2003).

III. Discussion

   A.   Statutes of Limitations

"The Song-Beverly Act does not include its own statute of limitations." Mexia v. Rinker Boat Co., Inc., 174 Cal. App. 4th 1297, 1305-06, 95 Cal.Rptr.3d 285 (2009). Accordingly, "California courts have held that the statute of limitations for an action for breach of warranty under the Song-Beverly Act is

3

governed by . . . section 2725 of the Uniform Commercial Code." Id. Under Section 2725, Song-Beverly Act claims are "subject to a four-year statute of limitations period that commences when the action accrues." Schick v. BMW of N. Am., LLC, 801 F.App'x 519, 520 (9th Cir. 2020) (citing Cal. Com. Code § 2725(1)). Under California's "discovery rule," the "four-year statute of limitations begins to run only 'when the breach is or should have been discovered.'" Id. (quoting Cal. Com. Code § 2725(2)); see also Tanner v. Ford Motor Co., 424 F.Supp.3d 666, 671 (N.D. Cal. 2019) (same).

Plaintiff's fraudulent concealment claim is subject to a three-year statute of limitations. Cal. Civ. Proc. Code § 338(d); see Yetter v. Ford Motor Co., 428 F.Supp.3d 210, 221 (N.D. Cal. 2019). "Under California law, a fraud claim does not accrue until the plaintiff's discovery of facts constituting the fraud." Sharaf v. Starbuzz Tobacco, Inc., 719 F.App'x 618, 621 (9th Cir. 2018).

Plaintiff does not specify exactly when she discovered the alleged transmission defect or facts allegedly constituting fraud. She states that she did not discover FCA's alleged "wrongful conduct . . . until shortly before the filing of the complaint" because her vehicle "continued to exhibit symptoms of defects following Defendant FCA's unsuccessful attempts to repair them." (Docket No. 1-1 at 8, 12-14.) Based on these assertions, the court cannot say that there is "no set of set of facts that would establish the timeliness of [plaintiff's] claim[s]." Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir.

4

1995).  Accordingly, plaintiff's Song-Beverly Act and fraudulent concealment claims are not barred by the statute of limitations.

    B.    Song-Beverly Act Claims

Plaintiff claims that FCA violated Sections 1793.2(d), 1793.2(b), and 1793.2(a)(3) of the Song-Beverly Act. (See Docket No. 1-1.)  Plaintiff also claims that FCA breached the implied warranty of merchantability under the Song-Beverly Act.  (See id.)

        i.    Section 1793.2(d)

For plaintiff to establish a violation of Section 1793.2(d), she must show:  "(1) the vehicle had a nonconformity covered by the express warranty that substantially impaired the use, value or safety of the vehicle (the nonconformity element); (2) the vehicle was presented to an authorized representative of the manufacturer of the vehicle for repair (the presentation element); and (3) the manufacturer or his representative did not repair the nonconformity after a reasonable number of repair attempts (the failure to repair element)."  Donlen v. Ford Motor Co., 217 Cal.App.4th 138, 152, 158 Cal.Rptr.3d 180 (2013).

Plaintiff states that "Defendant FCA and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities" and that "Defendant FCA failed to promptly replace the Vehicle or make restitution to Plaintiff as required by Civil Code section 1793.2, subdivision (d) and Civil Code section 1793.1, subdivision (a)(2)."  (Docket No. 1-1 at 8.)

5

>           Considered under the liberal pleading requirements of Federal Rule of Civil Procedure 8(a), these allegations are sufficient to state a claim under Section 1793.2(d) of the Song-Beverly Act.  See, e.g., Fitzpatrick v. Ford Motor Co., 680 F.Supp.3d 1177, 1188-89 (C.D. Cal. 2023) (finding plaintiff adequately pled claim when plaintiff stated he presented the alleged defect for repair multiple times).

>                ii. Section 1793.2(b)

>           Section 1793.2(b) requires manufacturers to "service[] or repair[]" an alleged defect "so as to conform to the applicable warranties within 30 days."  Cal. Civ. Code § 1793.2(b).

>           Plaintiff alleges that FCA failed to commence the service or repair of her vehicle within a reasonable time and failed to service or repair her vehicle to conform to the applicable warranties within thirty days (See Docket No. 1-1 at 9.)  This is sufficient to state a violation of Section 1793.2(b) of the Song-Beverly Act.  Cf. Guzzetta v. Ford Motor Co., No. 2:21-cv-09151 MEMF PVC, 2023 WL 5207429, at *6-7 (finding plaintiff had adequately stated a claim despite not indicating when the alleged defects were serviced or repaired because, "drawing all reasonable inferences in favor of the plaintiff, the [complaint] suggest[ed] that" the manufacturer "failed to service or repair the [v]ehicle so as to conform with" FCA's warranty within thirty days).

>                iii. Section 1793.2(a)(3)

>           Under Section 1793.2(a)(3), manufacturers must "[m]ake

6

available to authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period." Cal. Civ. Code § 1793.2(a)(3).

Plaintiff alleges FCA failed to make sufficient service literature and replacement parts available to its authorized service and repair facilities. (Docket No. 1-1 at 10.) It is unclear what more plaintiff could allege to state a claim under this section given that plaintiff is unlikely to be aware of the specifics of the service literature and replacement parts at the pleading stage. Accordingly, plaintiff has adequately pled a claim for violation of Section 1793.2(a)(3) of the Song-Beverly Act.

### iv. Implied Warranty

"Pursuant to the Song–Beverly Consumer Warranty Act, 'every sale of consumer goods that are sold at retail in [California] shall be accompanied by the manufacturer's and the retail seller's implied warranty that the goods are merchantable.'" Daniel v. Ford Motor Co., 806 F.3d 1217, 1222 (9th Cir. 2015) (quoting Cal. Civ. Code § 1792). The implied warranty of merchantability guarantees that goods: "(1) Pass without objection in the trade under the contract description. (2) Are fit for the ordinary purposes for which such goods are used. (3) Are adequately contained, packaged, and labeled. (4) Conform to the promises or affirmations of fact made on the container or label." Cal. Civ. Code § 1791.1. "Thus, a plaintiff claiming breach of an implied warranty of merchantability must show that the product did not possess even

7

the most basic degree of fitness for ordinary use." Keegan v. Am. Honda Motor Co., 838 F.Supp.2d 929, 945 (C.D. Cal. 2012).

Plaintiff alleges that the implied warranty of merchantability was breached because 2017 Chrysler Pacifica vehicles with nine-speed transmissions possess a transmission defect that may make them more difficult to operate. (See Docket No. 1-1 at 5, 11.) She then alleges that the existence of this defect "constitutes a breach of the implied warranty because [her] [v]ehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labelled, and (4) does not conform to the promises or affirmations made on the container or label." (Id. at 11.)

Plaintiff further states that defendant breached the implied warranty of merchantability because her vehicle contained a latent transmission defect that rendered it unfit for its ordinary purpose. (Docket No. 1-1 at 5, 11.). Plaintiff alleges that the transmission defect is a "safety concern because it severely affects the driver's ability to control the car's speed, acceleration, and deceleration." (Id. at 5.) She claims that "these conditions make it difficult to safely merge into traffic or may cause a sudden loss of power while in motion" and that the transmission defect "can [also] cause the vehicle to fail without warning, while [it] is moving at highway speeds." Id.

Defendant argues that plaintiff's implied warranty claim must fail because there is no privity of contract between

8

plaintiff and FCA.  (See Docket No. 10 at 16.)  However, the privity requirement defendant invokes by citing Burr v. Sherwin Williams Co., 42 Cal. 2d 682, 695 (1954), applies to a provision of California's Civil Code not at issue here.  (See Docket No. 10 at 16.)  That other California statutes require vertical privity to bring an implied warranty of merchantability claim does not alter the fact that "[t]he privity requirement is not required for an implied warranty of merchantability claim brought under California's Song-Beverly Act." Allen, 96 F. Supp. 3d at 1075.

"Vehicles subject to . . . failure cannot be said to be merchantable." Cholakyan v. Mercedes-Benz USA, LLC, 796 F. Supp. 2d 1220, 1244 (C.D. Cal. 2011).  Accordingly, the court concludes that plaintiff has adequately pled a claim for breach of the implied warranty of merchantability under the Song-Beverly Act.

### C.   Fraudulent Concealment

The elements of a claim for fraudulent concealment under California law are:  "(1) the defendant must have concealed or suppressed a material fact; (2) the defendant must have been under a duty to disclose the fact to the plaintiff; (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." Shanmugam v. Mercedes-Benz USA, LLC, No. 2:20-cv-01647 WBS KJN, 2021 WL 2227876, at *3 (E.D. Cal. June 2, 2021).

9

        "It is well-settled that the Federal Rules of Civil Procedure apply in federal court, irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009) (citation modified).  The court therefore evaluates plaintiff's fraud claim pursuant to Federal Rule of Civil Procedure 9(b)'s requirement that a party who alleges fraud state the circumstances of the alleged fraud with "particularity."  Fed. R. Civ. P. 9(b); Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003).

        Plaintiff's fraud claim falls short of what Rule 9(b) requires.  Critically, plaintiff does not adequately plead that her vehicle possessed a defect FCA failed to disclose.  See, e.g., Stewart v. Electrolux Home Prods., Inc., 304 F.Supp.3d 894, 907 (E.D. Cal. 2018) (O'Neill, C.J.); DeCoteau v. FCA US LLC, No. 2:15-cv-00020 MCE EFB, 2015 WL 6951296, at *3 (E.D. Cal. Nov. 10, 2015) (To satisfy federal pleading requirements, "[p]laintiff[] must go further than a conclusory allegation that the [t]ransmission [d]efect exists and is responsible for the injuries outlined in the [complaint] because automatic transmissions . . . are complicated systems that demand more detailed factual allegations in order to identify a plausible defect.").

        Plaintiff alleges only that "Defendant FCA knowingly and intentionally concealed material facts" regarding a purported transmission defect present in 2017 Chrysler Pacifica vehicles generally.  (Docket No. 1-1 at 5-6, 13-14.).  She does not state

what material facts were concealed or suppressed, how she would have acted differently if such facts had been disclosed to her, or how she was damaged by such nondisclosure. See Stewart, 304 F.Supp.3d at 907; see also Eisen v. Porsche Cars N. Am., Inc., No. cv-11-9405 CAS FEMX, 2012 WL 841019, at *3 (C.D. Cal. Feb. 22, 2012) (noting that plaintiff did not explain how defective aspect of vehicle actually failed).

Accordingly, because plaintiff has failed to plead her fraudulent concealment claim with particularity, defendant's motion for judgment on the pleadings must be granted on that claim.

IT IS THEREFORE ORDERED that defendant's motion for judgment on the pleadings be, and the same is, hereby DENIED on plaintiff's claims under the Song-Beverly Act, and GRANTED on plaintiff's claim for fraudulent concealment.  Plaintiff is given 14 days from the date of this Order to file an amended complaint if she can do so consistent with this Order.[2]

Dated:  October 14, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2] See Special Dist. Risk Mgmt. Auth. v. Munich Reinsurance Am., Inc., 562 F.Supp.3d 989, 994 (E.D. Cal. 2021) ("Courts have discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment.").

11